DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Lucas County Court of Common Pleas wherein appellees, Warnock Insurance Company and J. Kurt Zimmerman
 {¶ 2} ("Warnock"), were granted judgment against Target Expediting Company ("Target") in the amount of $73,995.83. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 3} The instant case essentially began in November 2000 when Edgebarton Investment Company obtained a judgment in the Toledo Municipal Court against Target. Target appealed the judgment and was required to post a supersedeas bond in the amount of $87,000. Warnock, authorized to sell Auto Owners Insurance Company ("Auto Owners") products, issued an $87,000 bond on behalf of Target and named Auto Owners as the surety on the bond. When Target lost their appeal on July 2, 2001, Edgebarton executed on the bond and Auto Owners paid the judgment amount of $73,995.83 which represented the amount still owing after Edgebarton attached certain assets of Target.
 {¶ 4} On January 22, 2002, Auto Owners filed a complaint in the Common Pleas Court alleging negligence and fraud against Warnock and Target. Specifically, Auto Owners alleged that Warnock was without authority to issue the supersedeas bond unless Warnock had received prior approval from Auto Owners. Auto Owners sought a judgment against Warnock and Target in the amount of the bond plus interest, costs and attorney fees. Warnock filed an answer and a cross-claim against Target seeking indemnification and/or contribution from Target for any amounts awarded to Auto Owners and against Warnock. Warnock also sought reimbursement of the premium for the bond. Target filed an answer and cross-claim against Warnock seeking indemnification and/or contribution from Warnock for any amounts awarded to Auto Owners and against Target. On August 14, 2003, following pretrials and discovery, a trial date was scheduled for January 26, 2004.
 {¶ 5} In October, 2003 Auto Owners filed a motion for summary judgment against Target. Warnock filed a motion for summary judgment against Auto Owners and Target. Target filed motions in opposition. On January 5, 2004, the trial court granted Auto Owners' motion finding that Auto Owners had paid a debt for which Target was the principal debtor and, therefore, Auto Owners was entitled to reimbursement from Target. The trial court denied Warnock's motion for summary judgment with respect to Auto Owner's claims but granted Warnock's summary judgment motion with respect to Target's claim for indemnification and Warnock's claim against Target for reimbursement of the premium.
 {¶ 6} On January 23, 2004, Target filed a motion to continue the January 26 trial date due to the illness of Target's company president, James Spicuzza. The trial court denied Target's motion in open court on January 26, 2004 and a bench trial commenced. Two issues remained for trial. The first issue was the amount of damages to be awarded. The second issue involved Warnock's cross-claim against Target for indemnification of the bond amount. At the conclusion of the one day trial, the court awarded Auto Owners judgment against Warnock in the amount of $73,995.83 and granted Warnock a $73,995.83 judgment on the remaining cross-claim against Target. Target now appeals setting forth the following assignment of error:
 {¶ 7} "The trial court erred in failing to grant defendant-appellant's motion to continue the trial date."
 {¶ 8} The grant or denial of a motion for a continuance lies within the sound discretion of the trial court. State v. Unger
(1981), 67 Ohio St.2d 65, 67. An appellate court will not reverse the denial of a continuance unless there has been an abuse of discretion. Id. In evaluating the merits of a motion for a continuance: "a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Id. at 67-68.
 {¶ 9} In the motion to continue the trial date, Target's counsel explained that Spicuzza, president of the company, had undergone quintuple coronary bypass surgery in December 2003. Target's counsel stated in the motion that he had assumed that Spicuzza would be well enough to attend the January 26, 2004 trial until he received a letter from Spicuzza's doctor. The letter, which was dated January 22, 2004, advised Spicuzza to avoid stressful activities such as "trial presentations" until March 2004. Counsel argued it would greatly prejudice his client if he was forced to proceed to trial without the benefit of instructions from Spicuzza or his possible testimony. Counsel for Target now contends that the court should have granted the motion because Target had never asked for a continuance before and because Spicuzza's illness, as evidenced by the doctor's letter, was obviously unavoidable and in no way a deliberate, dilatory tactic. Moreover, counsel for Target contends, the parties would only be minimally inconvenienced by a two month delay.
 {¶ 10} Appellees contend that the trial court did not abuse its discretion in denying Target's motion for continuance because Spicuzza's presence at the trial was not necessary. Appellees note that after the court ruled on the summary judgment motions, the main issue before the court was whether or not Auto Owners had approved of appellees issuing a bond. Target's involvement, as it pertains to that issue, is irrelevant. With regard to the issue of indemnification, appellees note that there were other witnesses available, such as employees, who could testify to the business relationship between appellees and Target. Finally, appellees contend that the motion was rightfully denied given the fact that Target unnecessarily waited until the last minute to seek a continuance.
 {¶ 11} In denying the motion, the court reasoned:
 {¶ 12} "* * * [T]his case was filed January 22 of 2002. * * * [T]he court has handled numerous pretrials and motions as relates to this case. Your first appearance 4-24 of 2002 apparently was the first answer and cross claim filed by Target Expediting Company. I would think in that time period, with summary judgment and all of the depositions that have been taken in this case, that your client's inability to participate in the preparation for trial in the last month would have nothing to do with your ability to prepare for this case, having been involved in the case since April 2002."
 {¶ 13} Under the circumstances of this case we cannot conclude that the trial court abused its discretion in denying Target's motion for a continuance. The court had already found Target liable to Warnock. As appellees correctly point out, Target's role in the main issue disputed at trial was peripheral. Finally, Target's counsel had plenty of time to avail himself of Spicuzza'a assistance prior to his illness. Target's sole assignment of error is found not well-taken.
 {¶ 14} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas, is affirmed. Costs of this appeal are assessed to appellant pursuant to App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Singer, J., concur.